**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
DELTA DIVISION**

**ARMANI CUMMINGS**                                                      **PETITIONER**

**No. 2:25-cv-00220 BSM/PSH**

**C. HUMPHREY, WARDEN**                                          **RESPONDENT**

**PROPOSED FINDINGS AND RECOMMENDATION**

**INSTRUCTIONS**

The following Recommendation has been sent to United States District Judge Brian S. Miller. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

**DISPOSITION**

Petitioner Armani Cummings ("Cummings") filed his petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 on November 5, 2025. Doc. No. 1.

Cummings does not challenge his convictions.[1] *See* Doc. No. 1.  Instead, he claims the Bureau of Prisons has unlawfully denied him 161 days of First Step Act earned time credits solely because he was in "transit" status.  Cummings asserts that he has exhausted his available administrative remedies, and respondent C. Humphrey ("Humphrey") concedes as much.  For relief, Cummings seeks 161 days of First Step Act credits and a recalculation of his release date.

In his response, Humphrey maintains dismissal of the petition is proper because this Court does not have subject matter jurisdiction.  This is so, according to Humphrey, because Cummings' claim does not attack the validity of his convictions or implicate the *duration* of his confinement.  Instead, the relief Cummings seeks would, at best, result in a change in the *location* of his confinement.  The foundation of this argument is Humphrey's statement that Cummings has already earned 365 days of First Step Act credits, which is the maximum allowed under the Act.  As a result, any additional credits would not shorten Cummings' term of imprisonment, although the credits might possibly result in an earlier transfer to prerelease custody.

---

[1] Cummings pled guilty and was sentenced in 2018 to 336 months' imprisonment by the United States District Court for the Southern District of New York for conspiracy to distribute and possess with intent to distribute cocaine base and use of a communications facility in the commission of a drug offense.

In the Court's Order of January 8, Cummings was notified of his opportunity to address Humphrey's claim that he had already earned the maximum 365 days of First Step Act credits and that any additional credits would, at most, affect his transfer to prerelease custody. Doc. No. 6. Cummings replied to the Court's Order. The reply reiterated his claim of entitlement to the 161 days of credit. The reply did not, however, squarely address the claims of Humphrey. Doc. No. 7.

Cummings clearly articulates his claim -- it is for credit for 161 days of First Step Act credits which he believes he earned while in "transit" status between designated facilities. Cummings ignores the *effect* of the credits he seeks. Humphrey submits an FSA Time Credit Assessment showing Cummings' projected release date of November 16, 2033, which takes into account his 365 days of FSA credits. Doc. No. 5-2, page 1 ("FTC Towards Release.: 365" and "Apply FTC to Release: Yes"), and www.bop.gov/inmateloc/. Having earned and been awarded the maximum number of credits that can be applied toward his early release to a term of supervised release, any additional credits would not affect the duration of Cummings' confinement. *See* 18 U.S.C. § 3624(g)(3). In essence, his claim is a request for "sooner placement in prerelease custody - that is, a change in his *conditions* of confinement, not a change in the *fact* or *duration* of confinement," and a habeas corpus petition "cannot be used to pursue such a claim." *See*

3

*Henderson v. Eischen*, No. 23-cv-2250-PJS-TNL, 2024 WL 4678496, 2 (D. Minn. Nov. 5, 2024) (emphasis in original). *See also Fongers v. Garrett,* No. 2:24-cv-00046-LPR-PSH, 2024 WL 3625237 (E.D. Ark. Aug. 1, 2024), report and recommendation adopted, No. 2:24-cv-00046-LPR, 2024 WL 4652193 (E.D. Ark. Nov. 1, 2024). This claim is akin to challenging a BOP classification decision, which might influence where an inmate served his sentence but would not affect the duration of the sentence. *See Vaughn v. Hendrix*, 2019 WL 4412290 (E.D. Ark. Aug. 20, 2019) ("Even if Vaughn were successful in removing his "Greatest Severity" PSF and obtaining a more favorable classification, it would not impact the *duration* of his confinement."); *Cottman v. Fikes*, 2023 WL 2482878 (D. C. Minn. Feb. 21, 2023) (challenge to Greatest Severity PSF does not concern inmate's fact or duration of his confinement); and *Garner v. Stalhood*, 2025 WL 849998 (E.D. Ark. Feb. 28, 2025) (removal of inmate's PSF sex offender label would not impact the duration of his confinement).

The undersigned is mindful that the Eighth Circuit has instructed that, where a *pro se* prisoner has improperly raised "potentially viable" condition-of-confinement claims in a habeas action, the Court must liberally construe the filing and "recharacterize [the] claim into the correct procedural vehicle" instead of dismissing for lack of jurisdiction. *Spencer v. Haynes*, 774 F.3d 467, 471 (8th Cir.

4

2014).  Before recharacterizing such claims, however, the Court should "first obtain

the consent of the *pro se* individual."  *Id.*

Even before obtaining the consent of the *pro se* litigant it is first necessary to

consider if the claim being raised is "potentially viable."  Here, it is not.  Cummings'

request for First Step Act credits which could influence his prerelease custody

location does not amount to a viable condition-of-confinement claim.  Inmates have

no protected liberty interest in an assignment to confinement in a particular location.

The *Vaughn* opinion ably summarizes this proposition, as well as highlighting the

possible downside to converting this case to a civil rights proceeding:

> The Court has considered whether Vaughan's challenge to his PSF designation states a "potentially viable" conditions of confinement claim under *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971). *See Spencer*, 774 F.3d at 469-70 (8th Cir. 2014) (when a habeas petition asserts conditions of confinement claims that are not cognizable in habeas, before dismissing the petition, the court should consider whether a petitioner raises a "potentially viable" constitutional claim and, if so, offer petitioner the opportunity to recharacterize the claim and to convert the action into a civil rights action).
>
> Because Vaughan's challenge to his PSF designation does not constitute a potentially viable due process claim, it would be futile to offer Vaughan the opportunity to convert this case into a *Bivens* action. It would also impose a heavy and unnecessary financial burden on Vaughan, who would be required to pay the $350 civil filing fee required under the Prison Litigation Reform Act, 28 U.S.C. § 1915(b), rather than the $5.00 filing fee for a § 2241 habeas action. *See Moody v. Daggett,* 429 U.S. 78, 88 n. 9, 97 S. Ct. 274 (1976) (Generally, prisoners have no constitutionally protected liberty interest in their placement and classification while incarcerated).

2019 WL 4412290, at *2 (E.D. Ark. Aug. 20, 2019), *report and recommendation adopted as modified,* No. 2:19-CV-46-DPM, 2019 WL 4411960 (E.D. Ark. Sept. 13, 2019).

In conclusion, the Court lacks jurisdiction to consider Cummings' claims. It is not appropriate to offer Cummings the opportunity to convert this case into a *Bivens* civil rights lawsuit. As a result, it is recommended that the case be dismissed without prejudice.

IT IS SO ORDERED this 24th day of February, 2026.

_____
UNITED STATES MAGISTRATE JUDGE